UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STANLEY ARNOLD,

                Plaintiff,

   - against -

WESTCHESTER COUNTY CORRECTIONAL
FACILITY, *et al.*,

                Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 9, 2011_____

10 Civ. 1249 (PAC) (RLE)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Pro se* Plaintiff Stanley Arnold ("Plaintiff" or "Arnold") brings this action under 42 U.S.C. § 1983 against Defendants Anthony Amicucci, Warden of the Westchester County Correctional Facility ("Amicucci"); Jane Pullis ("Pullis"); June Yozzo ("Yozzo"); and Any Itty ("Itty") (collectively, "Defendants"). Arnold claims that, while he was a resident of the Westchester County Jail, Defendants deprived him of his constitutional rights by being deliberately indifferent to his medical needs, falsifying his medical records, and interfering with his legal mail. Arnold filed his initial Complaint on February 17, 2010, his Amended Complaint on May 14, 2010, and his Second Amended Complaint on December 15, 2010. On March 3, 2010, the Court referred the matter to Magistrate Judge Ellis for pretrial supervision. On February 10, 2011, Amicucci filed a motion to dismiss. Defendants Pullis, Itty, and Yozzo filed their motion to dismiss on May 5, 2011. On June 18, 2011, Magistrate Judge Ellis filed his Report and Recommendation ("R&R") that the Court dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). On August 2, 2011, the Court received Arnold's objections to Magistrate Judge Ellis's R&R. Having reviewed the R&R and Arnold's objections, the Court

adopts the R&R in its entirety. Accordingly, Defendants' motions are GRANTED, and the case is dismissed.

## BACKGROUND[1]

On December 5, 2009, while detained at the Westchester County Jail, Arnold developed a lip infection. He requested an emergency sick call the following day, and was examined by Itty, a nurse practitioner. Itty determined that Arnold's face was irritated and prescribed him ibuprofen — she did not prescribe him antibiotics or refer him to a doctor. On December 7, Arnold submitted a formal sick-call slip and on December 8, he filed a grievance. In his grievance, Arnold stated that his condition had worsened, that he had not been able to sleep for two days due to the pain, and that he had been misdiagnosed by Itty. Soon after, Arnold was examined by medical staff, who diagnosed his facial infection and prescribed antibiotics. On December 9, Arnold's infection became even worse, causing him to file a second grievance on December 10. Amicucci reviewed the grievance, arranged for Arnold to receive care at a clinic inside the jail, and arranged for photographs to be taken of Arnold's face. Arnold claims that he endured severe pain in the days after, as the infection had spread to his nasal cavity. He alleges that it took fifty-three days for the infection — and the pain — to subside.

After Arnold filed his December 8, 2009 grievance, an officer reviewing Arnold's medical file noted that it did not contain a record of Arnold's December 6 visit with Itty. On December 15, Arnold filed a third grievance, claiming that Yozzo had refused to provide him with copies of medical records from his December 6 visit, even though she told him that she had such records. In response to this grievance, Yozzo stated that Itty had made a note during

---

[1] Unless otherwise noted, all facts are taken from the R&R.

Arnold's December 6 visit, but that Itty did not have Arnold's medical file at the time of the visit. As a result, said Yozzo, Itty later put the note in Arnold's medical file, and Arnold would receive a copy of the note once they processed his request. Itty's note states that Arnold's lip was swollen, that she prescribed ibuprofen, and that she told him to return if the pain or swelling increased. Arnold claims that Itty's note was fabricated.

On December 11, 2009, Arnold sent a letter to the Westchester County Attorney's office noting the claims raised in this action. Arnold alleges that Amicucci and Pullis opened the letter, removed a copy of his December 8 grievance, and removed the certified mail label. As a result, claims Arnold, the letter was returned to him because it was not sent by certified mail. Arnold claims to know that his letter was tampered with because, when it was returned, it was missing the certified mail label and the December 8 grievance.

## MAGISTRATE JUDGE ELLIS'S R&R

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[T]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Id.  Pleadings of a *pro se* plaintiff are held to a less stringent standard and should be construed liberally "to raise the strongest arguments that they suggest." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).

Magistrate Judge Ellis noted that, "[o]n a motion to dismiss, the court is generally limited to reviewing the allegations in the complaint and documents attached to it or incorporated into it by reference," in addition to documents the plaintiff necessarily relied upon in drafting the complaint. (R&R 5 (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)).) Defendants Itty, Yozzo, and Pullis submitted affidavits in support of their motion to dismiss. Magistrate Judge Ellis found that these documents could not be considered by the Court unless the motion was converted into one for summary judgment. (Id. 5 n.2.) Because Arnold has not been afforded any discovery, Magistrate Judge Ellis declined make such a conversion and, therefore, did not consider the affidavits in his R&R. (Id.)

**I. Deliberate Indifference Claim Against Itty**

Arnold alleges that, in misdiagnosing his infection and failing to prescribe antibiotics, Itty was deliberately indifferent to his medical needs. Inadequate medical treatment amounts to a constitutional deprivation where a prisoner alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976)).) To state such a claim, Arnold must show (i) an objective medical need, and (ii) deliberate indifference — specifically, a sufficiently culpable state of mind. (R&R 6 (citing Smith v. Carpenter, 316 F.3d 178, 183-84 (2d Cir. 2003)).)

Magistrate Judge Ellis found that "a three-day delay in treatment can be objectively serious depending on the nature of the medical emergency." (Id. 7.) Thus, he found that without the benefit of discovery, he could not assess whether the three-day delay in prescribing Arnold antibiotics constituted "inadequate treatment of a serious medical need." (Id.) As a result, Magistrate Judge Ellis could not conclude that there was no serious medical need. (Id.)

In order to satisfy the subjective prong, Arnold must show that Itty "[knew] of and disregard[ed] an excessive risk to inmate health or safety." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). In addition, Itty "must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [she] must also [have] draw[n] the inference." Id. "Generally, a prisoner's mere allegations of negligent malpractice do not state a claim for deliberate indifference." (R&R 7-8 (citing Carpenter, 316 F.3d at 183-84).) Magistrate Judge Ellis found that Arnold did not allege that Itty knew that her failure to prescribe antibiotics could lead to an excessive risk to Arnold's health and safety and that, at most, Arnold alleged negligence. (Id. 8) In addition, Magistrate Judge Ellis found that "Arnold's medical condition does not make it inherently obvious that a serious medical condition existed." (Id.) As a result, Magistrate Judge Ellis found that Arnold did not sufficiently allege that Itty knew of and disregarded an excessive risk to Arnold's health when she failed to prescribe antibiotics and, therefore, recommends that the Court dismiss Arnold's deliberate indifference claim.

**II. Falsification of Medical Records Claim Against Itty and Yozzo**

Magistrate Judge Ellis found that Arnold failed to allege how Itty and Yozzo's alleged falsification of his medical records harmed him and that Itty's note accurately reflected Arnold's recollection of his appointment with Itty. (Id. 8-9.) As a result, Magistrate Judge Ellis found that this was an insufficient allegation to support a plausible claim that Arnold was deprived of a constitutional right. (Id. 9.) Accordingly, Magistrate Judge Ellis recommends that the Court dismiss this claim.

**III. Mail Tampering Claim Against Amicucci and Pullis**

"To state a valid § 1983 claim for denial of access to the courts due to interference with an inmate's legal mail, an inmate must allege that a defendant's deliberate and malicious interference actually impeded his access to the court or prejudiced an existing action." Cancel v. Goord, No. 00 Civ. 2042, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) (citing Lewis v. Casey, 518 U.S. 343, 349 (1996)). Magistrate Judge Ellis found that Arnold failed to plead how Amicucci's alleged interference — removing an exhibit from his letter and removing the certified mail sticker — impeded his access to the courts. (R&R 9.) Specifically, Magistrate Judge Ellis noted that "Arnold does not explain why he needed to notify the Westchester County Attorney of his claims or how the rejection of his letter prejudiced his lawsuit." (Id.) As a result, Magistrate Judge Ellis recommends that the Court dismiss this claim.

## ARNOLD'S OBJECTIONS

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the recommendations of the magistrate judge, the court is obligated to review the contested issues *de novo*. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). The Court, however, "may adopt those portions of the Report [and Recommendation] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y 2000).

On August 2, 2011, Arnold filed 12 pages of objections to Magistrate Judge Ellis's R&R. In sum and substance, Arnold argues that he should be afforded discovery to prove his claims, (Obj. 1-2); that the motion to dismiss should be converted to a summary judgment motion, (id. 1-

3); that Magistrate Judge Ellis held him to a higher standard than an attorney, (id. 3-4); that Itty was deliberately indifferent to his health, (id. 7); and that the alleged tampering with his medical records and legal mail were constitutional violations, (id. 9-12). The balance of his objections are essentially a rehashing of Arnold's Second Amended Complaint — scattered throughout are Arnold's claims that he was deprived of adequate medical care and that Itty's misdiagnosis, the alleged mail tampering, and the lack of satisfactory medical record-keeping caused him substantial harm. (See, e.g., id. 5-10.) Finally, Arnold argues that his mail tampering claim should not be dismissed prematurely, noting that he can prove malicious intent. (Id. 11-12.)

Regarding his deliberate indifference claim, Arnold cites Jones v. Westchester County Dep't of Corr. Med. Dep't, 557 F. Supp. 2d 408, 413-14 (S.D.N.Y. 2008). (Obj. 2, 8, 10.) In Jones, the defendant canceled a prisoner's surgery just before it was to begin, allegedly for the purpose of shifting the cost to another entity. Jones, 557 F. Supp. 2d at 415. This alleged ulterior motive caused the court to find that the "plaintiff's allegation [was] sufficient to establish the culpable mental state necessary" to show deliberate indifference. Id. Here, however, Arnold has not alleged such an ulterior motive. Arnold simply alleges that Itty misdiagnosed his infection and failed to prescribe antibiotics. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. As a result, even affording Arnold the leeway that courts must provide to *pro se* litigants, Arnold has not stated a cognizable claim and, therefore, cannot be afforded discovery on his deliberate indifference claim. With respect to Arnold's record and mail tampering claims, it is clear that, regardless of the intent of the Defendants,

Arnold has not alleged that the alleged tampering caused him harm that can sufficiently support a finding of a constitutional violation.

## CONCLUSION

The Court has considered Plaintiff's additional objections and finds them to be without merit. Having reviewed Magistrate Judge Ellis's R&R and Arnold's objections, the Court adopts Magistrate Judge Ellis's R&R in its entirety. Accordingly, Defendants' motions are GRANTED, and Arnold's case is DISMISSED. The Clerk of Court is directed to enter judgment and close this case. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
August 9, 2011

SO ORDERED

*Paul A. Crotty*

PAUL A. CROTTY
United States District Judge

Copy mailed to:

Stanley Arnold
10-A-0865
Watertown Correctional Facilty
P.O. Box 168
Watertown, NY 13601

114-35 127th Street
Queens, NY 11420

155-58 Linden Blvd.
Jamaica, NY 11434

Taryn A. Chapman-Langrin
Westchester County Attorney's Office
148 Martine Avenue, Room 600
White Plains, NY 10601